IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARLON D LOPEZ, | § § § | |
| *Plaintiff,* | § § § | SA-23-CV-00195-DAE |
| vs. | § § § | |
| UNION PACIFIC RAILROAD CO., NATIONAL RAILROAD PASSENGER CORPORATION, | § § § § § | |
| *Defendants.* | § § | |

# **ORDER**

Before the Court is Plaintiff's Opposed Motion to Modify Scheduling Order [#21], which was referred to the undersigned for disposition on August 7, 2023. By his motion, Plaintiff asks the Court to extend the parties' deadlines to file expert designations by 30 days. Defendants filed a response in opposition to the motion, indicating that they oppose any requested extension due to the lack of diligence by Plaintiff in prosecuting this case. The Court will deny the motion.

The parties' governing Scheduling Order orders Plaintiff to file his designation of experts on or before July 31, 2023, and for Defendants to designate their experts by August 30, 2023. Plaintiff filed his motion requesting a modification of the Scheduling Order on August 1, 2023, after his expert designation deadline had expired. A good cause standard under Rule 16(b), rather than the more lenient rule favoring amendments under Rule 15(a), governs request to modify a scheduling order where the motion is filed after the deadline already expired. *See* Fed. R. Civ. P. 16(b)(4). Under Rule 16(b), a scheduling order may be modified only for good cause and with the judge's consent. There are four relevant factors to consider in determining whether the moving party has established good cause: (1) the explanation for the failure to timely move

1

for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Plaintiff's motion does not establish good cause for the requested amendment to the Scheduling Order. Plaintiff merely states that he has engaged an expert, but the expert needs more time to author his expert report. Explaining that his expert failed to complete his report within the Scheduling Order deadlines is not an explanation as to why Plaintiff failed to ask the Court to modify the scheduling order prior to the expiration of the deadline or why his expert was unable to comply with the Court's deadlines. Moreover, Defendants' response indicates that Plaintiff has not exhibited diligence in prosecuting this lawsuit. Plaintiff has not yet served any written discovery and has not requested any depositions. The Court understands that the denial of Plaintiff's motion results in Plaintiff's inability to designate an expert witness in this case, but Plaintiff is responsible for following the rules of this Court and satisfying the governing standards in filing a motion requesting relief from the Court. Plaintiff has not even attempted to address the good cause standard and the four factors this Court must consider in evaluating the standard.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Modify Scheduling Order [#21] is **DENIED**.

SIGNED this 11th day of August, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE